UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,                           Case Number 17-20544

v.                                                      Honorable David M. Lawson

JOHN CREECH,

              Defendant.

_____/

## **OPINION AND ORDER DENYING MOTION TO DISMISS INDICTMENT**

Last August, a federal grand jury indicted defendant John Creech for a 2012 federal drug distribution conspiracy. Creech has filed a motion to dismiss the indictment, asserting a statute of limitations defense. He contends that the single charge of conspiracy is time-barred because the indictment was filed on August 17, 2017, but his alleged co-conspirator, Craig Todd, was arrested by government agents on August 14, 2012, gave a full confession about his involvement in the conspiracy, and then became a confidential informant for the government. Creech argues, therefore, that nothing he did after August 14, 2012 could have been part of any conspiracy, since a defendant cannot, as a matter of law, "conspire" with a government informant. However, the government contends that Todd may not be the sole co-conspirator, and Creech committed other conspiratorial acts within the five-year period of limitations. Because the government is entitled to prove those allegations at a trial, Creech's motion will be denied.

I.

The grand jury charged the following:

Beginning in or about May 2012 and continuing through at least November 2012, in the Eastern District of Michigan, Southern Division, and elsewhere, defendant JOHN CREECH, *together with others known and unknown to the grand jury*, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree

to commit an offense against the United States, that is, to possess with intent to distribute a controlled substance, specifically, 100 or more grams of a substance containing a detectable amount of heroin.

(Emphasis added).

Before the case was presented to the grand jury, however, the government filed a criminal complaint against Creech, which contained a more expansive set of facts. From that document (which is not part of the record in this case), and from the government's discovery disclosures, Creech derives the following factual description of his own.

On May 7, 2012, Creech met Craig Todd at a restaurant in Los Angeles, California where they talked about selling some drugs. Two weeks later, Creech called Todd from Chicago and asked if Todd could "move some heroin." Later in May 2012, Creech went to Todd's home in Southfield, Michigan and dropped off 500 grams of heroin for Todd to sell. However, after the heroin was found to be of low quality, Creech returned to Todd's home a couple of days later and replaced it with 500 grams of higher quality heroin.

On August 14, 2012, after a traffic stop, Todd was arrested by agents of the DEA, who found around 14 kilograms of cocaine and 300 grams of heroin in his car. Todd promptly confessed to the arresting agents and then was released. On August 20 and 24, 2012, Todd appeared at the DEA offices and proffered extensive information about his drug dealing. Todd then entered into a deal with the government to become a confidential informant.

On November 6, 2012, Todd traveled to California to meet with Creech's wife, attempting to elicit incriminating information about Creech. On November 8, 2012, Todd visited Creech in jail to discuss the drug conspiracy, trying to elicit incriminating statements from him. Creech did not describe in his motion any of the substance of his interaction with Todd at the jail, but the

government asserts in its response that transcripts of a recording from the jail and handwritten notes passed between Creech and Todd during their visit indicate that Creech and Todd discussed (1) the fact that Todd had given $5,000 to Creech's wife; (2) problems with the quality of the heroin that Creech previously had supplied to Todd for sale; and (3) a debt of $95,000 that Todd owed Creech for the prior deliveries of heroin that Todd was supposed to sell.

Creech also asserts that the government recovered bank records from his bank under a subpoena, and that those records do not disclose any drug-related spending or any activity such as hotel or gas receipts relating to any travel to Southfield, Michigan on any dates after June 2012, which was well before August and November 2012.

II.

Creech has moved to dismiss the indictment. Under Federal Rule of Criminal Procedure 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Creech acknowledges that "[w]hether an indicted crime falls within the statute of limitations is a jury question." *United States v. List*, 200 F. App'x 535, 543 (6th Cir. 2006) (citing *United States v. Brown*, 332 F.3d 363, 372-74 (6th Cir. 2003)). But citing *United States v. Crary*, No. 13-35, 2013 WL 6054607 (D. Mont. Nov. 15, 2013), *United States v. Rabhan*, No. 06-124, 2007 WL 9627795 (N.D. Miss. June 28, 2007), and *United States v. Thompson*, 125 F. Supp. 2d 1297 (D. Kan. 2000), in his supplemental brief, he states that where the indictment fails to allege an overt act within the period of limitations, it should be dismissed as a matter of law. Those cases, however, do not fit with the facts in Creech's case.

Creech is charged with a drug conspiracy. The pertinent statute, 21 U.S.C. § 846, "criminalizes 'conspir[ing] to commit any offense' under the Controlled Substances Act, including

the knowing distribution of, or possession with intent to distribute, controlled substances, § 841(a)(1)." *Smith v. United States*, 568 U.S. 106, 111 n.3 (2013). "The statute of limitations for conspiracy is five years." *United States v. Baker*, 380 F. App'x 465, 467 (6th Cir. 2010) (citing 18 U.S.C. § 3282). "The statute of limitations is satisfied if the government alleges and proves that the conspiracy continued into the limitations period." It is well established that "as long as at least one act in furtherance of the conspiracy was committed within the limitations period, the statute of limitations is not violated." *Ibid.* (citations and quotations omitted).

A conspiracy begins when the conspirators reach an agreement to commit a crime. *Sessions v. Dimaya*, --- U.S. ---, 138 S. Ct. 1204, 1219 (2018) ("[C]onspiracy's elements are met as soon as the participants have made an agreement."); *United States v. DePriest*, 6 F.3d 1201, 1204 (7th Cir. 1993) ("The conspiracy began in 1985, when Darryl Taylor visited California in search of a methamphetamine source. He met Robert Westling who agreed to be the supplier, and they worked out a system by which the methamphetamine would be delivered from California to Taylor's distributors."). "A conspiracy is completed when the intended purpose of the conspiracy is accomplished. But where a conspiracy contemplates a continuity of purpose and continued performance of acts, it is presumed to exist until there has been an affirmative showing that it has terminated; and its members continue to be conspirators until there has been an affirmative showing that they have withdrawn." *United States v. Mayes*, 512 F.2d 637, 642-43 (6th Cir. 1975); *see also United States v. Martinez*, 430 F.3d 317, 327 (6th Cir. 2005) ("The letter [admitted under the conspiracy exception to the hearsay rule] need not have been written before the date of the indictment as long as it was written before the conspiracy expired.") (citing *United States v. Lyon*, 959 F.2d 701, 705 (8th Cir. 1992) ("[A] conspiracy does not necessarily expire after the last act

alleged in the indictment; it expires after the last overt act, whether charged or not.")); *Boynton v. Headwaters, Inc.*, 564 F. App'x 803, 811 (6th Cir. 2014) ("In submitting the case to the jurors, the district judge instructed that 'one cannot join a conspiracy once the conspiracy is complete — that is, when the object of the conspiracy has been achieved.' In finding Headwaters liable for conspiracy, therefore, the jurors necessarily found that the conspiracy continued past 1996. Headwaters presents no evidence that compels a conclusion that this decision was faulty.").

Creech insists that the conspiracy terminated when his confederate, Craig Todd, became a government informant, because there can be no criminal conspiracy when a defendant's agreement is with an agent of the government. But the rule of law on which the defendant relies applies only in the special case of a conspiracy involving a lone defendant and a government agent, with no other participants. *United States v. Hayden*, 68 F. App'x 530, 532 (6th Cir. 2003) ("The rule that government agents do not count as coconspirators . . . is limited to situations in which the conspiracy involves only one defendant and a government informer."). And here, the indictment alleges that Creech conspired with "others known and unknown to the grand jury," and that the conspiracy was in operation from "about May 2012 and continuing through at least November 2012."

Federal "courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001). Nonetheless, the government asserts that it will offer evidence at trial that in August and November 2012, and at other times including in 2017, Creech continued trying to collect purported drug debts from Todd and solicited the help of "associates" other than Todd to secure the money owed to him, in order to finance his ongoing drug dealing scheme. It is well settled that attempts to collect drug debts can comprise acts in furtherance of a drug conspiracy. *United States v. Soto*, 794 F.3d 635, 657 (6th Cir.

2015) ("[A] reasonable jury could have concluded that the plots to rob Freeman and to kidnap Enriquez-Enriquez were all part of a plan to help Soto collect a drug debt, and thus related to the drug conspiracy.").

The cases Creech cites are readily distinguishable on the basis of these very facts. Neither *United States v. Crary* nor *United States v. Rabhan* involved conspiracy charges, but rather concerned discrete offenses with specific offense dates alleged. The same can be said for *United States v. Ortega-Arrieta*, 265 F. Supp. 3d 206 (N.D.N.Y. 2017) (charging illegal reentry by an alien), and *United States v. Wilson*, No. 10-629, 2011 WL 5121098 (S.D.N.Y. July 11, 2011), *aff'd*, 512 F. App'x 75 (2d Cir. 2013) (charging identity theft, unauthorized use of credit cards, and making false statements to a government agent). In *United States v. Thompson*, the court held that when calculating the statute of limitations, "the court is to use the date of the last overt act in furtherance of the conspiracy." 125 F. Supp. 2d at 1300 (citing *Local Lodge No. 1424 v. N.L.R.B.*, 362 U.S. 411, 423 n.15 (1960)). But the charge in that case was brought under 18 U.S.C. § 371, which requires proof of an overt act. Here, the defendant is charged under 21 U.S.C. § 841, and no overt act need be pleaded or proved to establish the offense. *See United States v. Hines*, 398 F.3d 713, 718 (6th Cir. 2005).

The indictment alleges that the conspiracy continued "at least" through November 2012. Although no specific fact was alleged as having occurred within five years preceding the indictment's return, dismissal on statute of limitations grounds is not warranted. "A court may not dismiss an indictment just because it appears on its face that it was not found within the limitations period because to do so would deprive the prosecutor of the right to reply or give evidence, as the case may be, that the defendant was within [an] exception to the limitations period." *United States*

*v. Titterington*, 374 F.3d 453, 457 (6th Cir. 2004) (quoting *United States v. Cook*, 84 U.S. 168, 179-80 (1872); *Biddinger v. New York*, 245 U.S. 128, 135 (1917) ("The statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases.")) (quotations and alterations omitted).

III.

Defendant Creech may have a valid statute of limitations defense. But that is a factual issue that must be resolved by the jury.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss the indictment [dkt. #13] is **DENIED**.

It is further **ORDERED** that the parties must appear for a final pretrial conference **on July 19, 2018 at 10:30 a.m.**

It is further **ORDERED** that trial will commence **on August 7, 2018 at 8:30 a.m.**

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge

Dated: July 6, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 6, 2018.

                            s/Susan Pinkowski
                            SUSAN PINKOWSKI